## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEON E. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:14-cv-01084-MLB-KMH |
| | ) | |
| LOANDEPOT.COM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW loanDepot.com, LLC ("Defendant") and, for its answer to the Plaintiff's Complaint (Doc. #1, "Complaint"), admits, denies, and avers as follows:

### NATURE OF ACTION

1.      There are two paragraph 1s.  The first paragraph 1 speaks for itself and, therefore, no response is required, however, Defendant denies that it violated the TCPA.  Responding further, the first paragraph 1 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

### JURISDICTION

1.      Responding to the second paragraph 1, Defendant admits this Court has subject matter jurisdiction, but denies the remaining allegations of the second paragraph 1.

### PARTIES

2.      Defendant is without information sufficient to either admit or deny the allegations in paragraph 2, and therefore denies the same.

3.      Defendant admits it is a mortgage loan company with a business address as stated in Paragraph 3.  Responding further, Defendant admits that a portion of its business is making telephone calls to originate mortgage loans.

**VENUE**

4.      Responding to paragraph 4, Defendant is without information sufficient to either admit or deny what occurrences "give rise" to Plaintiff's lawsuit.  Responding further, upon information and belief, Defendant admits Plaintiff's county of residence.

5.      Responding to paragraph 5, Defendant admits that venue is proper in this Court.

**FACTUAL ALLEGATIONS**

6.      Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 6, and therefore denies the same.  Responding further, Defendant admits that the telephone number reflected in paragraph 6 (949-465-8454) is a number associated with Defendant.  Defendant denies the remaining allegations in paragraph 6.

7.      Defendant is without information sufficient to either admit or deny the allegations in paragraph 72, and therefore denies the same.

8.      Defendant denies the allegations in paragraph 8.

9.      Defendant admits the allegations in paragraph 9, except that Defendant is without current information as to whether Plaintiff has a business relationship with it.

10.      Defendant is without information sufficient to either admit or deny the allegations in paragraph 10, and therefore denies the same.

11.      Responding to paragraph 11, Defendant admits only that it called Plaintiff. Exhibit 1 to the Complaint speaks for itself.

12.      Defendant is without information sufficient to either admit or deny the allegations in paragraph 12, and therefore denies the same.

13.      Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 13, and therefore denies the same.  Responding further, Defendant admits that the telephone number reflected in paragraph 13 is a number

2

associated with Defendant.  Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 13, and therefore denies the same.

14.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 14, and therefore denies the same.  Responding further, Defendant admits that the telephone number reflected in paragraph 14 is a number associated with Defendant.  Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 14, and therefore denies the same.

15.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 15, and therefore denies the same.  Responding further, Defendant admits that the telephone number reflected in paragraph 15 is a number associated with Defendant.  Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 15, and therefore denies the same.

16.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 16, and therefore denies the same.  Responding further, Defendant admits that the telephone number reflected in paragraph 16 is a number associated with Defendant.  Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 16, and therefore denies the same.

17.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 17, and therefore denies the same.  Responding further, Defendant admits that the telephone number reflected in paragraph 17 is a number associated with Defendant.  Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 17, and therefore denies the same.

OM 278408.1

18.     Defendant is without information sufficient to either admit or deny the allegations in paragraph 18, and therefore denies the same.

19.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 19, and therefore denies the same. Responding further, Defendant admits that the telephone number reflected in paragraph 19 is a number associated with Defendant. Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 19, and therefore denies the same.

20.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 20, and therefore denies the same. Responding further, Defendant admits that the telephone number reflected in paragraph 20 is a number associated with Defendant. Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 20, and therefore denies the same.

21.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 21, and therefore denies the same. Responding further, Defendant admits that the telephone number reflected in paragraph 21 is a number associated with Defendant. Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 21, and therefore denies the same.

22.     Defendant is without information sufficient to either admit or deny the allegations in paragraph 22, and therefore denies the same.

23.     Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 23, and therefore denies the same. Responding further, Defendant admits that the telephone number reflected in paragraph 23 is a number

OM 278408.1

associated with Defendant.  Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 23, and therefore denies the same.

24.     Responding to paragraph 24, Exhibits 2 and 3 to the Complaint speak for themselves.

25.     Responding to paragraph 25, Exhibits 4 and 5 to the Complaint speak for themselves.

## COUNT I

## ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii)

26.     Defendant incorporates by reference paragraphs 1 through 25 above.

27.     Defendant denies the allegations in paragraph 27.

## COUNT II

## ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(c)(5

28.     Defendant incorporates by reference paragraphs 1 through 27 above.

29.     Paragraph 29 does not contain allegations to which a response is required.  To the extent a response is required, Defendant denies the same.

## TRIAL BY JURY

Defendant acknowledges Plaintiff's right to a trial by jury on all issues so triable.

## TRIAL DESIGNATION

Defendant agrees that this case must be tried in Wichita, Kansas, the place where the lawsuit was filed.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel.

OM 278408.1

3.      Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

4.      Defendant did not act in willful disregard of any requirements of any law.

5.      To the extent it is determined that Defendant violated the TCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

6.      Plaintiff's TCPA claims are barred under the doctrine of consent.

7.      Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

Dated this 11th day of April, 2014.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: s/ Joshua C. Dickinson

Joshua C. Dickinson        KS Bar No. 20632
Bryant T. Lamer            KS Bar No. 22722
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-mail: jdickinson@spencerfane.com
        blamer@spencerfane.com

ATTORNEYS FOR DEFENDANT

OM 278408.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 11th day of April, 2014, with notice of case activity generated and sent to Pro Se Plaintiff via first class mail, postage prepaid, addressed as follows:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

s/ Joshua C. Dickinson
Attorney for Defendant

OM 278408.1