**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LEON E. LEE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 6:14-cv-01084-MLB-KMH |
| | ) |
| LOANDEPOT.COM, LLC, | ) |
| | ) |
|       Defendant. | ) |

## **DEFENDANT'S MOTION TO STAY**

Defendant loanDepot.com, LLC ("loanDepot" or "Defendant") respectfully requests that the Court stay this case pursuant to the primary jurisdiction doctrine or the Court's inherent authority, as an issue before this Court—an issue that could completely dispose of one of Plaintiff's claims—is presently before the Federal Communications Commission. Plaintiff alleges that loanDepot violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, et seq., by using an "automatic telephone dialing system" ("ATDS") to call his cellular telephone without his prior express consent, inter alia. (Doc. 1.) Defendant disputes that its equipment falls within the TCPA's definition of an ATDS.

Plaintiff's Complaint raises at least one issue that is currently pending before the Federal Communications Commission (on petitions for declaratory rulings, wherein the Commission has issued Public Notices seeking comment thereon). The issue before the Federal Communications Commission is what equipment constitutes an ATDS. If equipment such as loanDepot's does not constitute an ATDS, the TCPA does not apply and Plaintiff has no claim against loanDepot. Thus, as other federal courts, including the District of Kansas, have held, these circumstances

meet the standard for staying this case under the primary jurisdiction doctrine. [1] Also, regardless of the primary jurisdiction doctrine, the Court has inherent power to stay this action to avoid burdening the parties and the Court with further proceedings that might ultimately be disposed of entirely by the Federal Communications Commission's imminent ruling(s).

WHEREFORE, for these reasons as well as those set forth in Defendant's Memorandum in Support of Motion to Stay, Defendant respectfully requests that the Court stay this case under the primary jurisdiction doctrine or pursuant to its inherent authority until the Federal Communications Commission rules on the pending petitions.

Dated this 22nd day of May, 2014.

>
> Respectfully submitted,
>
> SPENCER FANE BRITT & BROWNE LLP
>
> By: s/ Joshua C. Dickinson
> Joshua C. Dickinson        KS Bar No. 20632
> Bryant T. Lamer            KS Bar No. 22722
> 1000 Walnut, Suite 1400
> Kansas City, MO 64106
> Telephone: (816) 474-8100
> Facsimile: (816) 474-3216
> E-mail: jdickinson@spencerfane.com
>         blamer@spencerfane.com
>
> ATTORNEYS FOR DEFENDANT

---

[1] Higgenbotham v. Diversified Consultants, Inc., No. 13-2624, 2004 WL 1930885 (D. Kan. May 14, 2014); Hurrle v. Real Time Resolutions, Inc., No. 13-5765, 2014 WL 670639 (W.D. Wash. Feb. 20, 2014); Mendoza v. UnitedHealth Group Inc., No. 13-1553, 2014 WL 722031 (N.D.Cal. Jan. 6, 2014).

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 22nd day of May, 2014, with notice of case activity generated and sent to Pro Se Plaintiff via first class mail, postage prepaid, addressed as follows:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

s/ Joshua C. Dickinson
Attorney for Defendant