

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LEON E. LEE<br>*Plaintiff,*<br><br>vs<br><br>LOANDEPOT.COM, LLC<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§ Case No. 6:14-cv-01084-MLB-KMH<br>§<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFFS MEMORANDUM IN OPPOSITION TO LOANDEPOT.COM LLC'S MOTION FOR STAY

Plaintiff Leon E. Lee respectfully requests that the Court Deny Loandepot.com LLC's Motion to Stay pursuant to the Primary Jurisdiction Doctrine or under the Court's inherent authority.

### A. Introduction

1. Plaintiff is Leon E. Lee; Defendant is Loandepot.com LLC.

2. Plaintiff sued Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

3. Defendant filed a motion for stay in this case on May 22, 2014.

4. Defendant states in its motion that it disputes that its equipment used to call the Plaintiff falls within the TCPA's definition of an ATDS and there is a petition pending before the Federal Communications Commission (FCC) that relates directly to the instant case that could dispose of at least one cause of action in Plaintiff's Complaint.

## B. Argument

5. Defendant's Motion to Stay should be denied. Seizing upon a petition for rulemaking recently filed with the FCC having to do with wholly different issues rather than telemarketing which is the basis of this suit, the Defendant seeks to delay and derail this case to deprive the Plaintiff of his right to move his case forward to adjudication. Defendant cites as support for its motion another case in a Kansas Court where a stay has been granted where the issue in the case is clearly NOT related to telemarketing and which is not analogous to this case in any manner. Defendant, in doing so, attempts to mislead the Court to grant a stay for no reason other than unnecessary delay.

6. The power to stay pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936). In exercising that discretion, the Court must weight "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). The Defendant's attempt to stay this case is misplaced and its motion should be denied.

7. The Defendant in the instant case cannot by any stretch of the imagination show that there is any reason this Court should stay the proceedings based on the issues raised in ANY of the

petitions cited by the Defendant that are before the FCC. The issues in this case regarding the use of a predictive dialer in **telemarketing** operations are completely divorced from the issues raised in any of the petitions that clearly and distinctly request a ruling on TCPA **issues other than telemarketing**. The prohibition of the use of predictive dialers and ATDS in telemarketing is well established both in prior rulings of the FCC and the courts of numerous jurisdictions.

8. As stated in the **Facts** portion of Defendant's Memorandum, the Defendant acquires "leads" from applications (which could reasonably be understood to be loan applications) and then loads the phone numbers of those applicants to be contacted for what could reasonably be assumed is the purpose of marketing a loan to those individuals via the phone. The Defendant does NOT dispute the fact that it was telemarketing when it called the Plaintiff's cell phone on numerous back-to-back occasions as stated in Plaintiff's Complaint. Plaintiff did not know of the existence of LoanDepot.com before he received the barrage of offensive phone calls from the Defendant and certainly did not request any information regarding a mortgage from anyone at any time.

9. Defendant, through its own Declaration of Saeed Ghasemzaden, provided as Exhibit B to its Memorandum declares in paragraph 2 that the calls placed by Defendant to Plaintiff's wireless phone *were made* with a predictive dialer. (*See* Doc. 9-2)

10. The FCC has ruled time and time again that an ATDS includes any system with the *capacity* to dial telephone numbers without human intervention, like the equipment Defendants are alleged to have used and *have admitted using* in this case. Predictive dialers fall fully under the definition of "automatic telephone dialing systems" (ATDS) in two rulings of the FCC in 2003 and 2008. The FCC concluded that to exclude predictive dialers from the TCPA

coverage would be contrary to the intent of Congress and to ensure that the prohibition on autodialed calls can not be circumvented. See e.g. Griffith v. Consumer Portfolio Serv. Inc. No. 10-cv-2697 (N.D. Il, Aug. 16 2011)(Grady J.). In the Defendant's own memorandum (page 2) (Findings based on FCC. final orders. Even assuming the equipment cannot generate and dial random or sequential numbers it is still an "automatic telephone dialing system").

11. The Defendant interestingly characterizes the ruling of the court in Griffith and other cases as "misdetermined" as if to say that the Defendant knows far better than the court how it should have ruled yet provides no substance to support its statement. The courts ruled in concert with the previous rulings of the FCC but the rulings were misdetermined?

12. Courts addressing this issue have concluded that equipment need only have the capacity to randomly or sequentially generate numbers and to dial them to constitute an ATDS, regardless of how the equipment is actually used at the time of the call. *See, e.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) ("[T]he focus must be on whether the equipment has the capacity to store or produce telephone numbers to be called, using random or sequential number generator . . . [A] system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the capacity to do it."); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010).

13. Furthermore the Defendant attempts to persuade the Court to stay this cause of action by misleading the Court as to the issues before the FCC. The letter identified in Defendant's Memorandum (Exhibit A-1) Dated June 19.2013 in the next to last paragraph is clearly asking for a clarification for the use of predictive dialers used for **NON-TELEMARKETING PURPOSES**.

14. Exhibit A-2 as part of Defendant's Memorandum includes a number of letters to members of Congress from the FCC wherein it states in the first paragraph "The petition seeks clarification that predictive dialers **that are not used for marketing purposes…**" (Emphasis added) The question before the Commission is crystal clear.

15. Exhibit A-3 is the petition from Communications Innovators wherein it states in the conclusion of said petition "For the foregoing reasons, the Commission should clarify and confirm that predictive dialers that (1) **are not used for telemarketing purposes…**" (Emphasis Added) Again, the question put to the Commission is clear.

16. Exhibit A-4 is related to YouMail, Inc. and its technology which would respond to requests by users of YouMail which has absolutely nothing whatsoever to do with marketing or telemarketing and the issues raised are not analogous in any manner to the claims brought in the instant case before this Court regarding telemarketing.

17. Exhibit A-5 is an FCC Public Notice of its request for comments related to the Communications Innovators Petition dated October 16, 2012 in which it clearly states "Communications Innovators asks the Commission to clarify that predictive dialers **that are not used for telemarketing purposes………**" (Emphasis Added)

18. Exhibit A-6 is an FCC Public Notice of its request for comments related to the YouMail, Inc. Petition dated June 25, 2013 which deals with clarification of issues **NON-TELEMARKETING** related but specifically related to the use of its mail service.

19. Exhibit A-7 is the Petition for TextMe, Inc. where clarification is requested that *TextMe users are the ones placing calls and relating to whether a third party can acquire express consent for a person* both of which **have nothing to do with marketing or telemarketing** which is the bases of the causes of action in the instant case.

20. Exhibit A-8 as part of Defendant's Memorandum is yet another Public Notice by the FCC requesting comments in regard to TextMe, Inc.'s Petition which brings forth issues completely divorced from the issues raised in the instant case which are directly related to telemarketing.

21. As the Court can see, the petitions before the FCC have nothing to do with nor will any decision regarding the petitions have any relevance to the instant case. This case **only** has to do with violations alleged as a result of the **telemarketing** actions of the Defendant. It should be obvious to the court that when the FCC rules on the pending petitions before it, any ruling will not have any affect on this case whatsoever as the facts surrounding this matter are wholly divorced from those brought forth in the petitions pending before the FCC.

22. The FCC has been very clear and consistent as have the courts in their numerous and continuing rulings in regard to the use of predictive dialers and ATDS equipment in telemarketing. Those rulings have, without question, determined that predictive dialers are ATDS when used for telemarketing purposes and the TCPA strictly PROHIBITS their use in telemarketing.

23. The Defendant seeks to delay progress in the instant matter by attempting to mislead this Honorable Court into issuing a stay based on frivolous and non-related arguments which would be prejudicial to the Plaintiff in all respects. The Plaintiff was already subjected to the annoying and abusive tactics of the Defendant in its telemarketing activities and now the Defendant using totally unfounded and illogical reasoning seeks to delay the ability of the Plaintiff to seek redress in this matter in a timely manner. The Defendant's arguments for a stay are a red herring and can readily be seen as such.

## Conclusion

Because the Defendant cannot and has not shown the primary jurisdiction doctrine requires a stay in this case pending the FCC's ruling on other unrelated matters and because the Court has the inherent power to control the disposition of cases on its docket the Plaintiff respectful requests the Court deny the Defendant's Motion for Stay.

Respectfully Submitted,

*Leon Lee*

Leon E. Lee
1314 Dunsworth
Wichita, Kansas 67212
316-680-2833

## CERTIFICATE OF SERVICE

I certify that an original copy of the Plaintiffs Memorandum in Opposition to Loandepot.com LLC's Motion for Stay was mailed to the below named party on the date stated below.

Done this 6th day of June, 2014

SPENCER FANE BRITT
& BROWNE LLC by USPS certified mail # 7012 3460 0002 1040 5940
1000 Walnut, Suite 1400
Kansas City MO, 64106

*/s/ Leon Lee*
Leon Lee