IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEON E. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:14-cv-01084-MLB-KMH |
| ) | |
| LOANDEPOT.COM, LLC, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY</u>**

**I.      INTRODUCTION**

loanDepot ("loanDepot" or "Defendant") has asked that the Court stay this case pursuant to the primary jurisdiction doctrine or in accordance with its inherent authority to manage its docket, as this case presents an issue that is currently pending before the Federal Communications Commission ("FCC"). Plaintiff Leon E. Lee ("Plaintiff") opposes the Motion, arguing that the issues before the FCC are "wholly different" than the issues in this case, because this case involves telemarketing. A review of the petitions and issues pending before the FCC reveal that the issues before the FCC <u>include</u> the primary issue that is before the Court in this case and, thus, a stay is appropriate.

**II.     FACTS**

Plaintiff brought this action alleging, <u>inter alia</u>, that loanDepot, a nationwide mortgage lender, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), <u>inter alia</u>, by calling his wireless phone number without his express consent using an "<u>*automatic telephone dialing system (ATDS) capable equipment*</u>." (Doc. 1, Compl. ¶¶ 6-8 (emphasis added).) Notably, this case arose out of an inquiry for a loan by a third party who appears to have mistakenly entered Plaintiff's telephone number in a request to obtain loan

information.  (Doc. 1, Compl. ¶ 25 and Ex. 4.)  In support of its Motion, loanDepot has submitted, <u>inter alia</u>, the Declaration of Mr. Ghasemzadeh, wherein he has testified that the telephone system that loanDepot utilized to place the calls to the number allegedly owned by the Plaintiff does *not* randomly dial numbers, and does *not* have the capacity to store <u>or</u> produce telephone numbers to be called using a random or sequential number generator.  (Doc. 9-2.)

Plaintiff has submitted various Affidavits in Opposition to loanDepot's Motion (Doc. 12).  Those Affidavits do not refute the testimony contained in Mr. Ghasemzadeh's Declaration, and largely consist of hearsay and are inapposite to this Motion.

### III. ARGUMENT

Plaintiff's Opposition is premised almost entirely on his argument that the case should not be stayed because the issue before the FCC is not present in this case and the FCC has already determined the issue.  Plaintiff is mistaken and erroneously characterizes the issues before the FCC.

The primary issue before the FCC is whether equipment lacking the present capacity for random or sequential number generation constitutes an ATDS under the TCPA.  (<u>E.g.</u>, Doc. 20-2 at Exs. A-6 and A-8; <u>Higgenbotham v. Diversified Consultants, Inc.</u>, No. 13-2624, 2014 WL 1930885 (D. Kan. May 14, 2014).)  The FCC's decision on this issue will clarify the issues in this case.  How the FCC defines "capacity" will be of the utmost importance and a decision by this Court prior to the FCC's resolution of this issue could result in conflicting decisions.  <u>E.g.</u>, <u>Higgenbotham</u>, 2014 WL 1930885, *3. While there are other issues pending before the FCC, including the issue of whether the TCPA even applies to non-telemarketing calling activity, Diversified has *not* raised that issue as a basis to invoke a stay. Thus, the fact that the FCC is considering other issues, including that issue, is of no consequence to the instant Motion and is certainly not a basis for denying a stay.  Indeed, a thorough read of the Petitions attached to

loanDepot's Motion (Doc. 9-1) reveals that the issue of "capacity" is distinct from the issue of the applicability of the TCPA to non-telemarketing activity. Also, courts granting stays have recognized that the above issues are distinct and that the FCC has <u>not</u> ruled on the issue of capacity.

        A.    **The Petitions Before the FCC Reveal That the Issue of Whether "Capacity" Within the TCPA's Definition of ATDS Means Present or Theoretical Capacity is Distinct From Whether the TCPA Even Applies to Non-Telemarketing Calls**

Plaintiff has mischaracterized the issues before the FCC, and the FCC Petitions present issues that may be outcome determinative of Plaintiff's Section 227(b) claim. For example, in YouMail, Inc.'s FCC Petition, YouMail asks the FCC to "affirmatively state that only equipment that has a current *capacity* to store and produce telephone numbers to be called using a random or sequential number generator—and that is currently being used for that purpose—should be considered an ATDS," separate from the issue of whether the purpose of the communication is for telemarketing or non-telemarketing. (Doc. 9-1 at Ex. A-4 at p.11.) And the FCC, in its Public Notice seeking comment on YouMail's Petition, recognized that YouMail, among other things, asked the FCC to clarify that its software is not an ATDS because it does not "have the current capacity to store, produce, or dial random or sequential telephone numbers," (Doc. 9-1 at Ex. A-6.) The FCC's resolution of this issue is directly relevant to this case, as loanDepot's telephone system does <u>not</u> randomly dial numbers and does <u>not</u> have the capacity to store or produce telephone numbers to be called using a random or sequential number generator. (Doc. 9-2.)

Also, TextMe, Inc.'s FCC Petition makes clear that TextMe requests a ruling "clarifying and limiting the scope of the term 'capacity' as used to define the phrase 'automatic telephone dialing system' ("ATDS") under 47 U.S.C. § 227(a)(1)." (Doc. 9-1 at Ex. A-7 at p.1.) Here

again, the FCC, in its Public Notice seeking comment on TextMe's Petition, recognized that TextMe, among other things, asked the FCC to "clarify the meaning of the term 'capacity' as used in the TCPA's definition of 'automatic telephone dialing system.'" (Doc. 9-1 at Ex. A-8.) Furthermore, Communication Innovator's ("CI") FCC Petition reveals that these issues are distinct, in that CI first asked the FCC to "clarify that the definition of an autodialer [ATDS] under the TCPA reflects equipment that has a present capacity, such as having the current ability to generate and dial random or sequential numbers without additional modifications to equipment"; and *then* stated, "the Commission can *also* distinguish between telemarketing and informational calls when it clarifies the meaning of capacity." (Doc. 9-1 at Ex. A-3 at p.17 (emphasis added).)  Accordingly, as the FCC Petitions make clear, the issue of "whether equipment lacking the present capacity for random or sequential number generation . . . constitutes an ATDS," is *without* regard to the purpose of the call.  E.g., Higgenbotham, 2014 WL 1930885, *2.

In fact, the Commissioner of the FCC recently posted an article on the FCC's official internet blog declaring that it was "time to provide clarity" with respect to the TCPA.[1]  In the article, dated March 25, 2014, FCC Commissioner Michael O'Rielly stated that the rules of the TCPA had become "complex and unclear," leading to an over-abundance of TCPA lawsuits and petitions to the FCC.  The Commissioner noted that court decisions may have unwittingly "enlarge[ed] the scope of potential violations" and created confusion as to the interpretation of the TCPA, and went on to say that it was "very troubling that legitimate companies feel they have to ask the government for its blessing every time they need to make a business decision in

---

[1] Michael O'Rielly, TCPA: It is Time to Provide Clarity, FCC Blog (Mar. 25, 2014), available at http://www.fcc.gov/blog/tcpa-it-time-provide-clarity, attached hereto as "Exhibit C" (loanDepot's Exhibits A and B are found at Doc. 9-1 and 9-2.)

order to avoid litigation." For these reasons, he declared, the FCC needed to "address this inventory of [pending] petitions *as soon as possible*." (Ex. C (emphasis added).)

### B. Courts Recognize That the Issue of "Capacity" Within the TCPA's Definition is Distinct From The Issue of Whether the TCPA Applies to Non-Telemarketing Activity

Also, other courts that have granted such stays have recognized that the issue of whether a dialing apparatus is an automatic telephone dialing system subject to the prohibitions of the TCPA is *distinct* from the issue of whether the TCPA applies to non-telemarketing calls, which is more akin to a "threshold issue." Higgenbotham, 2014 WL 1930885, *3; Mendoza v. UnitedHealth Group, Inc., No. 13-1553, 2014 WL 722031 (N.D. Cal. Jan. 6, 2014) (granting a motion to stay based on primary jurisdiction *without* regard to whether the calls at issue where telemarketing); Fried v. Sensia Salon, Inc., No. 13-312, 2013 WL 6195483 (S.D. Tex. Nov. 27, 2013) (granting a motion to stay based on primary jurisdiction where plaintiff sent text advertisements, which are equivalent to calls under the TCPA, and asserted that the technology used did not qualify as an ATDS); Passero v. Diversified Consultants, Inc., No. 13-338, 2014 WL 2257185, *2 (W.D.N.Y. May 28, 2014) (implicitly recognizing that the issues of whether the TCPA applies to debt collection calls and that the definition and scope of an ATDS are distinct).

In fact, the District of Kansas, in Higgenbotham v. Diversified Consultants, Inc., No. 13-2624, 2014 WL 1930885 (D. Kan. May 14, 2014), granted a motion to stay on primary jurisdiction based solely on its conclusion that the statutory reference to "capacity" is unclear, without regard to whether the TCPA applies to non-telemarketing activity. In so doing, the court in Higgenbotham noted that it does not think that the issue of whether the TCPA applies to non-telemarketing activity is an open question. Id. *2 n.12.

### C. The FCC and Courts Have Made Clear that the FCC Has Not Addressed the Issue of "Capacity"

Finally, in regard to Plaintiff's argument that the FCC has already addressed this issue, Plaintiff is incorrect. None of the FCC orders and rulings have addressed the specific "capacity" question that is before it (and before this Court). Higgenbotham, 2014 WL 1930885, *3; Fried, 2013 WL 6195483, *5 (stating that the FCC has not addressed or given an indication as to whether certain autodialers, including predictive dialers, qualify as an ATDS under the TCPA). Also, the FCC has revisited the scope and term "automatic telephone dialing system" under the TCPA on several occasions, and has indicated that it will do so again. Passero, 2014 WL 2257185, * 2 (citing numerous FCC orders and stating that the FCC has revisited the definition of the scope and tem "automatic telephone dialing system" several times in recognition of the "need to consider changes in technologies."); Ex. C (stating that the FCC needs address the petitions pending before it "as soon as possible" to answer important question, such as what devices could be considered an ATDS).[2] Thus, Plaintiff's argument that the FCC has already resolved the Section 227(b) "capacity" issue is simply incorrect.

### IV. CONCLUSION

For the foregoing reasons, the Court should stay this case under the primary jurisdiction doctrine or pursuant to its inherent authority until the FCC rules on the pending Petitions.

Dated this 20th day of June, 2014.

---

[2] Plaintiff also mentions in passing that he will be prejudiced by a stay, but prejudice to the non-moving party "is not a significant factor in the court's consideration under the primary jurisdiction doctrine." Higgenbotham, 2014 WL 1930885, *3.

        Respectfully submitted,

        SPENCER FANE BRITT & BROWNE LLP

By: s/ Joshua C. Dickinson
  Joshua C. Dickinson  KS Bar No. 20632
  Bryant T. Lamer   KS Bar No. 22722
  1000 Walnut, Suite 1400
  Kansas City, MO 64106
  Telephone: (816) 474-8100
  Facsimile: (816) 474-3216
  E-mail: jdickinson@spencerfane.com
     blamer@spencerfane.com

    ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 20th day of June, 2014, with notice of case activity generated and sent to Pro Se Plaintiff via first class mail, postage prepaid, addressed as follows:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

        s/ Joshua C. Dickinson
        Attorney for Defendant