## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEON E. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-1084-MLB |
| | ) | |
| LOANDEPOT.COM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for a temporary stay of this case (**Doc. 8**).   Specifically, defendant requests that the court stay all proceedings until the Federal Communications Commission ("FCC") has ruled on an issue that will affect the proceedings in this court.   For the reasons stated below, defendant's motion is GRANTED.

### Background

Plaintiff filed his complaint seeking damages for defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").   Congress enacted the TCPA in 1991 in response to consumer complaints about unwanted telemarketing calls. Among other restrictions, the TCPA limits the use of telemarketing calls made by automatic telephone dialing systems ("ATDS").

Plaintiff alleges that defendant loanDepot, LLC, a mortgage company, made repeated solicitation phone calls to his cellular phone using an ATDS. Defendant contends that a third party requested information from defendant about a loan and, in doing so, mistakenly entered plaintiff's telephone number. The threshold issue, however, is that defendant maintains that the predictive dialing system which it used to place the calls is not an ATDS because it does not have the "*capacity* to store or produce telephone numbers to be called, using a random or sequential number generator"[1] and therefore falls outside the purview of the TCPA.

## Analysis

Defendant contends that three petitions currently pending before the FCC specifically address the interpretation of "capacity" as stated in the TCPA.[2] In all three petitions, the filing parties (Communication Innovators, YouMail, and TextMe) request that the FCC declare whether equipment that lacks the present capacity to generate random or sequential numbers constitutes an ATDS. Because defendant opposes plaintiff's complaint with the contention that its dialing system lacked capacity,

---

[1] 47 U.S.C. § 227(a)(1) (emphasis added).

[2] Communication Innovator's Petition, CG Dkt. No. 02-278 (June 7, 2012) seeks, in part, a declaration "that predictive dialers that . . . do not have the current ability to generate and dial random or sequential numbers, are not 'automatic telephone dialing systems' . . . under the TCPA and the Commission's TCPA rules." (Def.'s Mem., Doc. 9, Dickinson Decl. at Ex. A-3.) Additionally, the YouMail Petition, CG Dkt. No. 02-278 (April 19, 2013) asks the FCC to issue an expedited ruling regarding "when a system or service has the requisite 'capacity' to "store or produce numbers to be called using a random or sequential number generator." (Def.'s Mem., Doc. 9, Dickinson Decl. at Ex. A-4.) The TextMe Petition, CG Docket No. 02-278 (March 18, 2014) also seeks expedited clarification of the term "capacity" for the purposes of defining an ATDS. (Def.'s Mem., Doc. 9, Dickinson Decl. at Ex. A-7.)

defendant argues that this court should rely upon the primary jurisdiction doctrine or its inherent authority to stay all proceedings until the FCC has ruled on this issue.

Plaintiff disagrees, alleging in part that the petitions pending before the FCC address wholly different issues from those in this case.  After review of the pending FCC petitions above (*see* n.2), the court rejects this argument.  Plaintiff further asserts that both the FCC and other courts have already ruled on the determining issues.  However, plaintiff cites only non-binding cases from the Northern District of Illinois and the Ninth Circuit, none of which define "capacity" under the TCPA.  Plaintiff misunderstands both the previous determinations of the FCC and the binding nature of the decisions of other courts.

Two recent decisions in this district are instructive.  In *Higginbotham v. Hollins*[3] Magistrate Judge Teresa J. James found that a stay of that action was appropriate pending resolution of FCC proceedings.   Likewise, in *Higgenbotham v. Diversified Consultants, Inc.*[4] Magistrate Judge James P. O'Hara issued a stay pending the FCC's decision on the Communication Innovators' petition.  For substantially the same reasons stated in those orders, this court agrees that the primary jurisdiction doctrine should be applied in this circumstance.

The dual purposes of the doctrine of primary jurisdiction are achieved by allowing the FCC to rule before proceeding further.[5]  First, the FCC will be allowed to apply its

---

[3] Case No. 14-2087-JTM-TJJ, 2014 WL 2865730, at *2 (D. Kan. June 24, 2014).
[4] Case No. 13-2624-JTM-JPO, 2014 WL 1930885, at *3-4 (D. Kan. May 14, 2014).
[5] *See Higgenbotham*, 2014 WL 1930885, at *2-3 (citing *TON Servs., Inc. v. Qwest Corp.,* 493 F.3d 1225, 1238 (10th Cir.2007)).

own agency experience and technical expertise to the specific question of capacity. Second, a decision by this court prior to the FCC's determination of capacity could result in conflicting decisions; therefore, allowing the FCC to decide this issue will help to ensure uniformity in the future decisions of this court.  Therefore, the court finds that the FCC's declaratory ruling on the issue of capacity will aid resolution of this case and a stay of this matter is appropriate.[6]

**IT IS THEREFORE ORDERED** that defendant's motion to stay (**Doc. 8**) is **GRANTED**.  All pretrial proceedings in this case, including discovery and further scheduling, are stayed until a decision is rendered by the FCC on the issue of capacity. Defendant is hereby directed to notify this court of a ruling by the FCC on any of the three petitions discussed above within **fourteen days** of the ruling and to provide the court with a copy of the ruling(s).  If no such order has been entered by the FCC by **November 1, 2014**, defendant shall submit a status report to the undersigned U.S. Magistrate Judge by e-mail to *ksd_humphreys_chambers@ksd.uscourts.gov*, at which time the court may, on its own motion, continue the stay accordingly.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 20th day of August, 2014.

s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[6] *See TON Servs., Inc.*, 493 F.3d at 1243 (finding that if a pending FCC action could impact the outcome of district court litigation, "this court has previously assumed a stay is appropriate.").