# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEON E. LEE,                          )
                                     )
         **Plaintiff,**            )
                                     )
v.                                   )          **Case No. 14-1084-MLB**
                                     )
LOANDEPOT.COM, LLC,                  )
                                     )
         **Defendant.**            )
_____)

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on plaintiff's motion to lift the stay of this case (**ECF No. 17**).   On August 20, 2014, the court stayed all proceedings pending an expected ruling by the Federal Communications Commission ("FCC") on the issue of whether equipment that lacks the present "capacity" to generate random or sequential telephone numbers constitutes an automatic telephone dialing system (Mem. and Order, ECF No. 14).   On July 10, 2015, the FCC issued its Declaratory Ruling and Order,[1] interpreting "capacity" to include "equipment that lacks the 'present ability' to dial randomly or sequentially."   Plaintiff now requests 1) the stay be lifted and discovery commence; and 2) the court take judicial notice of the FCC's Ruling.

To date, this case has been pending for well over one year.   On August 19, 2015, the court conducted an in-person hearing to discuss plaintiff's motion and the status of

---

[1] Def.'s Resp., ECF No. 25, Ex. A, "*In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling and Order" at ECF p. 20 [hereinafter "FCC Ruling"].

this case.  Plaintiff Leon E. Lee appeared on his own behalf.  Defendant appeared through counsel, Angus W. Dwyer.  After review of the parties' briefing and considering the arguments of plaintiff and counsel, plaintiff's motion to lift the stay is **GRANTED** and his request for judicial notice is found to be moot.

## Background

Plaintiff filed his complaint seeking damages for defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Congress enacted the TCPA in 1991 in response to consumer complaints about unwanted telemarketing calls.  Among other restrictions, the TCPA limits the use of telemarketing calls made by automatic telephone dialing systems ("ATDS").

Plaintiff alleges that defendant loanDepot.com, LLC, a mortgage company, made repeated solicitation phone calls to his cellular phone using an ATDS.  Defendant responds that a third party requested information from defendant about a loan and, in doing so, mistakenly entered plaintiff's telephone number.  The threshold issue, however, is that defendant maintains that the predictive dialing system which it used to place the calls is not an ATDS because it does not have the "present 'capacity' to store or produce telephone numbers to be called, using a random or sequential number generator"[2] and therefore falls outside the purview of the TCPA.  Rather, defendant argues that its dialing system calls only those specific numbers which individuals have supplied as a part of their online loan applications, and does not generate random or sequential numbers as prohibited by the TCPA.

---

[2] 47 U.S.C. § 227(a)(1) (quotations added).

At the time this case was stayed, at least three petitions were pending before the FCC which specifically addressed the interpretation of "capacity" as stated in the TCPA.[3] In all three petitions, the filing parties sought an FCC ruling on whether equipment that lacks the present "capacity" to generate random or sequential numbers constitutes an ATDS.  Finding two recent decisions in the District of Kansas to be instructive,[4] the court found that the primary jurisdiction doctrine should be applied to stay this case and allow the FCC to rule on the issue of "capacity." (ECF No. 14.)

Since the stay of this case one year ago, the two similar cases in this district have been closed,[5] which leaves no guidance or comparison to be gleaned from those actions. Then, on July 10, 2015, the FCC issued a "Declaratory Ruling and Order" which "resolved 21 separate requests for clarification or other action regarding the TCPA . . ."[6]

---

[3] Communication Innovator's Petition, CG Dkt. No. 02-278 (June 7, 2012) sought, in part, a declaration "that predictive dialers that . . . do not have the current ability to generate and dial random or sequential numbers, are not 'automatic telephone dialing systems' . . . under the TCPA and the Commission's TCPA rules." (Def.'s Mem., ECF No. 9, Dickinson Decl. at Ex. A-3.)  Additionally, the YouMail Petition, CG Dkt. No. 02-278 (April 19, 2013) asked the FCC to issue an expedited ruling regarding "when a system or service has the requisite 'capacity' to "store or produce numbers to be called using a random or sequential number generator." (Def.'s Mem., ECF No. 9, Dickinson Decl. at Ex. A-4.)  The TextMe Petition, CG Docket No. 02-278 (March 18, 2014) also sought expedited clarification of the term "capacity" for the purposes of defining an ATDS. (Def.'s Mem., ECF No. 9, Dickinson Decl. at Ex. A-7.)
[4] *Higginbotham v. Hollins*, Case No. 14-2087-JTM-TJJ, 2014 WL 2865730, at *2 (D. Kan. June 24, 2014) (finding that a stay of the action was appropriate pending resolution of FCC proceedings); *Higgenbotham v. Diversified Consultants, Inc*., Case No. 13-2624-JTM-JPO, 2014 WL 1930885, at *3-4 (D. Kan. May 14, 2014) (issuing a stay pending the FCC's decision on the Communication Innovators' petition).
[5] *See Higginbotham v. Hollins*, Case No. 14-2087-JTM-TJJ (closed Dec. 22, 2014 after the filing of Pl.'s Suggestion of Bankruptcy (ECF No. 30) and the subsequent Order of Dismissal (ECF No. 35)).  *See also Higgenbotham v. Diversified Consultants, Inc*., Case No. 13-2624-JTM-JPO (closed on June 1, 2015 after the filing of Pl.'s Stip. of Dismissal (ECF No. 29)).
[6] FCC Ruling at ECF 10.

including two of the petitions pending when this case was stayed.[7]  To simplify the TCPA

relative to the issues before it, the FCC described the TCPA as follows:

> If a caller uses an autodialer or prerecorded message to make a non-emergency call to a wireless phone, the caller must have obtained the consumer's prior express consent or face liability for violating the TCPA. Prior express consent for these calls must be in writing if the message is telemarketing, but can be either oral or written if the call is informational.[8]

The FCC specifically addressed the issue of "capacity" by first discussing its previous

rulings on the issue.  In 2003, the FCC found that to be classified as an ATDS, the dialing

system need only have the "capacity" to store or produce telephone numbers, even if only

dialing a fixed set of numbers.  In 2008, the FCC affirmed its 2003 order.[9]  Addressing

the recent petitions before it regarding the "capacity" issue, the FCC found:

> We agree with commenters who argue that the TCPA's use of "capacity" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. . . . the Commission has already twice addressed the issue in 2003 and 2008 . . . Hence, any equipment that has the requisite "capacity" is an autodialer and is therefore subject to the TCPA.[10]

Following the FCC Ruling, at least three petitions for review were filed, and those

petitions have been consolidated before the District of Columbia Circuit Court of

Appeals.[11]

---

[7] The third petition addressed in the court's Order to stay was the Communication Innovators petition.  (*supra* note 3.)  That petition was voluntarily withdrawn because "the legal issues raised by [that petition] would be encompassed by Commission action on those [other pending] petitions (which have a more recent record), including on the clarification requested in the Petition for Rulemaking of ACA International . . . ."  Pl.'s Mot., ECF No. 17, Ex. 1.

[8] FCC Ruling at ECF 12.

[9] FCC Ruling at ECF 19.

[10] FCC Ruling at ECF 20.

[11] *See ACA International, et al. v. Federal Communications Commission*, Case No. 15-1211, at ECF No. 1568219 (D.C. Cir., Aug. 17, 2015).

## Analysis

Citing these developments, along with the passage of time, plaintiff asks the court to lift the stay.  Defendant argues the fact that the FCC ruling is being appealed by multiple parties "underscores the importance of keeping the stay in place."  One of the reasons the court initially stayed this case was to avoid conflicting rulings on the interpretation of "capacity" as used in the TCPA.  Defendant argues, due to the pending appeals, it is possible the TCPA ruling may be modified or reversed and any ruling by this court could be jeopardized.

In the earlier order to stay, the court reasoned:

> the dual purposes of the doctrine of primary jurisdiction are achieved by allowing the FCC to rule before proceeding further.  First, the FCC will be allowed to apply its own agency experience and technical expertise to the specific question of capacity.  Second, a decision by this court prior to the FCC's determination of capacity could result in conflicting decisions; therefore, allowing the FCC to decide this issue will help to ensure uniformity in the future decisions of this court.[12]

In the current situation, because the FCC has now ruled on the specific issue of "capacity," the first purpose of the stay has been satisfied.  Fed. R. Civ. P. 1 directs the court to ensure the just and speedy determination of this case; therefore, this case can proceed through the discovery process while the FCC appeal is being considered by the D. C. Circuit.  If the Circuit has not ruled before the case is prepared for dispositive motions or trial, the court could entertain another motion for stay at that time.  The court

---

[12] ECF No. 14 at 3-4 (citing *Higgenbotham*, Case No. 13-2624-JTM-JPO, 2014 WL 1930885, at *2-3 (D. Kan. May 14, 2014) (citing *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1238 (10th Cir.2007)).

would then avoid a potentially conflicting decision, satisfying the second purpose of the stay.[13]

The court previously found no prejudice to plaintiff in staying this case pending ruling by the FCC. However, now that the FCC has issued a ruling which appears comprehensive to the issues before this court, the court now finds no prejudice to defendant in this case proceeding, at least with scheduling and discovery, despite the pending appeal.

**IT IS THEREFORE ORDERED** that plaintiff's motion to lift the stay (**ECF No. 17**) is **GRANTED**.

**IT IS FURTHER ORDERED** that, after consultation with the parties during the August 19, 2015 hearing, a separate Scheduling Order will be entered simultaneously herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 25th day of August, 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[13] *See, e.g., Pimental v. Google, Inc*., 2012 WL 1458179, at *5 (N. D. Cal. Apr. 26, 2012) (finding that, to the extent the FCC may rule on issues pertinent to the district court case, there is no risk of inconsistent rulings because the FCC ruling should occur before the issues are presented to the Court or a jury. Also noting that a stay would not "permit the parties to obtain the discovery necessary to resolve the factual disputes Defendants raise in their Answer.").