(Rev. 9/16/13)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEON E. LEE,

               Plaintiff,

v.                                              Case No. 14-1084-MLB

LOANDEPOT.COM, LLC,

               Defendant.

### **SCHEDULING ORDER**

On August 19, 2015, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in this case with the parties.[1]  Plaintiff appeared in person *pro se*.  Defendant appeared through counsel, Angus Dwyer.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.   The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 9/11/15 |
| Defendant's settlement counter-proposal | 9/25/15 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | 10/2/15 |
| Mediation completed | 11/20/15 |
| Supplementation of initial disclosures | Per rule and 40 days prior to close of discovery |
| All discovery completed | 2/19/16 |
| Experts disclosed by plaintiff | |
| Experts disclosed by defendant | |
| Rebuttal experts disclosed | |
| Physical and mental examinations | |
| Jointly proposed protective order submitted to court | 9/18/15 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 9/18/15 |
| Motions to dismiss | 9/18/15 |
| Motions to amend | 9/30/15 |
| All other potentially dispositive motions (e.g., summary judgment), and motions challenging admissibility of expert testimony | 3/18/16 |
| Comparative fault identification | |
| Status conference | |
| Proposed pretrial order due | 2/26/16 |
| Pretrial conference | 3/4/16 at 9:00 a.m. |
| Trial – Jury | TBA |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **September 11, 2015**.   Defendant must make a good-faith counter-proposal by **September 25, 2015**.   By **October 2, 2015**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge).   These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.   These reports must <u>not</u> be filed with the Clerk's Office.   Absent further order of the court, mediation must be held no later than **November 20, 2015**.   An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

3

*http://www.ksd.uscourts.gov/adr-report/*

**2.      Discovery.**

a.      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.      All discovery must be commenced or served in time to be completed by **February 19, 2016.**

c.      The parties have not yet determined whether expert testimony will be used in this case.   The parties shall promptly notify the court if expert testimony is to be used and provide the court with proposed deadlines for the disclosures required by Fed. R. Civ. P.

26(a)(2), including reports from retained experts.    Such deadlines shall occur prior to the close of discovery.

       d.      The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case

       e.      Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:   The parties will produce any such data as requested by the other and the data will be produced in either electronic format (on a disc) or in hard copies, based upon the preference of the requesting party.

       f.      Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:   If the disclosing party inadvertently produces privileged or trial-preparation materials, he/it must notify the requesting party of such disclosure within a reasonable time.   After the requesting party has been notified, he/it must return, sequester or destroy all information and copies and may not use or disclose this information until the claim of privilege or protection as trial-preparation materials has been resolved.

       g.      No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

h.      No party may serve more than 25 requests for admissions, including all discrete subparts, on any other party.   This numerical limit does <u>not</u> apply to requests to admit the genuineness of any described document.

i.      No more than 10 depositions may be taken by plaintiff, and no more than 10 depositions may be taken by defendant.   Each deposition must be limited to 7 hours. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

j.      Discovery in this case may be governed by a protective order.   If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **September 18, 2015**.   This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/guidelines-for-agreed-protective-orders-district-of-kansas/*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).   A pre-approved form of protective order is available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and

supporting memorandum, with the proposed protective order attached, by **September 18, 2015**.

k.      The parties do consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

l.       The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these restrictions without substantial justification, under Rule 26(g)(3),   the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.   Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly*

suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

a.     A motion to dismiss is not expected to be filed in this case.   Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or   service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **September 18, 2015**.

b.     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **September 30, 2015**.

c.     All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **March 18, 2016**.   The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d.     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.   Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e.      A deadline for filing motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, will be addressed at the pretrial conference.

f.      If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

g.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

h.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

9

i.      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.   Judge Belot has entered a standing order governing dispositive and non-dispositive motions, and a separate standing order governing when hard copies of electronically filed documents must be delivered to chambers.   These standing orders can be found on the court's Internet website:

(http://www.ksd.uscourts.gov/monti-l-belot/)

**4.      Pretrial Conference, Trial, and Other Matters.**

a.      The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **March 4, 2016 at 9:00 a.m.**; this pretrial conference will be conducted by telephone unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person.   Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.   No later than **February 26, 2016**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.   It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the

*Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c.      The parties expect the jury trial of this case to take approximately 2 trial days.   The court will subsequently set the case for trial.

d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge.

e.      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated August 25th, 2015, at Wichita, Kansas.


S/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

11