IN THE UNITED STATES DICTRICT COURT
DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

SEP 1 6 2015

Clerk, U.S. District Court
By _MAM_ Deputy Clerk

| | |
|---|---|
| **LEON E. LEE** *Plaintiff,* § § § § | Civil Case No. 6:14-cv-1084 |
| vs § § | |
| **LOANDEPOT.COM, LLC** *Defendant.* § § § § § § | TRIAL BY JURY DEMANDED |

### FIRST AMENDED COMPLAINT

### NATURE OF THE ACTION

This is an action for damages brought by an individual Plaintiff for Defendant's violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq.*, Kansas Consumer Protection Act (KCPA) Kansas Statutes Annotated K.S.A. Chapter 50: Article 6: *et seq.* Plaintiff seeks to recover monetary damages for Defendant's violations of the TCPA and KCPA.

### JURISDICTION

1. This Court has jurisdiction under 28 U.S.C § 1331 and 47 U.S.C. § 227.

### PARTIES

2. The Plaintiff in this lawsuit is Leon E. Lee (Plaintiff) a natural person, who resides in Sedgwick County, Kansas.

3. Defendant loanDepot.com, LLC (Defendant) is a mortgage loan company with offices located at 26642 Towne Centre Drive, Foothills Ranch, CA 92610 who at all relevant

times was engaged, by the use of the telephone, in making sales calls for the purpose of originating mortgage loans.

## VENUE

4. The occurrences, which give rise to this action, occurred in Sedgwick County, Kansas and Plaintiff resides in Sedgwick County. Venue is proper in the District of Kansas.

## FACTUAL ALLEGATIONS

5. On March 13, 2013 Plaintiff received the first of a number of phone calls from the Defendant to his wireless phone number 316-680-2833 at 3:41 PM. The call originated from 949-465-8454 which is a number that is known to be used by the Defendant in its nationwide mortgage loan marketing operations

6. At no time has the Plaintiff given his express consent, written or otherwise, to the Defendant to call his wireless phone number.

7. The calls made by the Defendant to Plaintiff's wireless phone were made with automatic telephone dialing system (ATDS) capable equipment in all cases.

8. None of the calls made to Plaintiff's wireless phone number 316-680-2833 by the Defendant were made for an emergency purpose and Plaintiff has no business relationship with the Defendant. The calls were made for the purpose of selling loan services to the Plaintiff.

9. The home that Plaintiff lives in with his wife is paid for and he has no plans to obtain any further properties where he would need a mortgage. Plaintiff had no desire for a mortgage loan for any purpose and has not stated any desire for a mortgage loan to any party at any time within the last 10 years.

10. Defendant made **10 individual calls** to Plaintiff's wireless phone number which has **been registered on the National Do Not Call Registry since April 14, 2012.** [*See* Exhibit 1]

11. When Plaintiff received the first call from the Defendant he was under his car working on it. He hurriedly crawled out from under the car to answer the call only to find no party on the line. Plaintiff later determined that a voicemail had been left which was a prerecorded computer delivered message.

12. On March 13, 2013 Plaintiff received a second call to his wireless phone number 316-680-2833 at **5:59 PM**, which originated from 949-465-8454. Said number is known to be used by the Defendant in its nationwide mortgage loan marketing operations. Plaintiff answered and there was no live person on the phone to speak with so he hung up.

13. On March 13, 2013 Plaintiff received a third call to his wireless phone number 316-680-2833 at **6:05 PM**, which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Initially there was no live person on the line but several seconds after Plaintiff answered the call, a person came on and started speaking and Plaintiff informed the caller that they had the wrong number. The caller kept talking and ignored what the Plaintiff was saying so he hung up.

14. On March 13, 2013 Plaintiff received a fourth call to his wireless phone number 316-680-2833 at **6:07 PM**, which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Again there was no live person on the line but then a different person came on several seconds after Plaintiff answered the call and again the Plaintiff informed the caller that they had the wrong number. Again the caller ignored what the Plaintiff said about them calling the wrong number so he hung up.

15. On March 13, 2013 Plaintiff received a fifth call to his wireless phone number 316-680-2833 at **6:08 PM**, which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Plaintiff answered the call and repeatedly said "hello?" "hello?" "hello?" and no person answered so he hung up.

16. On March 13, 2013 Plaintiff received a sixth call to his wireless phone number 316-680-2833 at **6:09 PM**, which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Plaintiff answered the call and again repeatedly said "hello?" "hello?" "hello?" and no person answered so he hung up.

17. At the time the calls were being received the Plaintiff was visiting with his wife and two guests, Cynthia and Terry Owens, trying to have a conversation in his home. They asked who was calling so often as they heard the Plaintiff inform the caller two different times that they had the wrong number. The calls had now become even more harassing, abusive and totally disruptive to the Plaintiff, his wife and their guests.

18. On March 13, 2013 Plaintiff received a seventh call to his wireless phone number 316-680-2833 at **6:10 PM**, which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Plaintiff once again answered the call and repeatedly said "hello?" "hello?" "hello?" but there was nothing but dead air so he hung up.

19. On March 13, 2013 Plaintiff received an eighth call to his wireless phone number 316-680-2833 at **6:11 PM**, which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Plaintiff yet again answered the call and repeatedly said "hello?" "hello?" "hello?" and again there was nothing but dead air so he hung up the phone.

20. On March 13, 2013 Plaintiff received a ninth call to his wireless phone number 316-680-2833 at **6:12 PM** which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Plaintiff once again answered the call and repeatedly said "hello?" "hello?" "hello?" but no person answered and there was nothing but dead air so he once again ended the call.

21. The Plaintiff had received seven calls from the Defendant in eight minutes, and eight calls in 12 minutes. The Plaintiff was harassed for almost 15 minutes non-stop in the presence of his wife and two guests in spite of his efforts to inform the calling party they had the wrong number.

22. On March 14, 2013 Plaintiff received a tenth call to his wireless phone number 316-680-2833 at **10:39 AM**, which originated from 949-465-8454. Said number is known to be used by Defendant in its nationwide mortgage loan marketing operations. Plaintiff answered the call once again. Initially there was no live person on the line but after a delay of several seconds someone finally came on the line and Plaintiff told the caller that they were calling the wrong number and hung up.

23. On April 8, 2013 Plaintiff sent a Notice of Intent to Sue to the Defendant in an attempt to reach a settlement of the violations he had identified under the TCPA and mitigate damages. [*See* Exhibit 2] On April 18, 2013 Plaintiff received a response to Plaintiff's notice via email from Ryan Stocking, identified as general counsel for the Defendant. [*See* Exhibit 3]

24. The response letter from Ryan Stocking stated the Defendant had received information from another source and Defendant was not liable for any violations for the calls to Plaintiff's wireless phone as alleged. [*See* Exhibit 4] Mr. Stocking sent two documents with his letter showing call details that clearly indicate and confirm the calls were made using ATDS

capable equipment and that the calls where Plaintiff actually spoke to someone are specifically documented as well. [See Exhibit5].

25. Defendant knew or should have known that telephone solicitations directed toward telephone numbers appearing on the Do Not Call Registry are prohibited by law, with certain exceptions.

26. At all times relevant hereto, and in the ordinary course of business, Defendant placed an "Unsolicited consumer telephone call" in Kansas, as that term is defined by K.S.A. 60-670 (a)(3).

27. At all times relevant hereto, and in the ordinary course of business, Defendant made or caused to be made consumer telephone calls to Plaintiff, as that term is defined by K.S.A. 50-670a(1).

28. Defendant failed to consult the Do Not Call Registry maintained by the FTC.

29. Defendant willfully and knowingly continued to place calls to Plaintiff's wireless phone after the first call where it left a pre-recorded message. Plaintiff then informed it twice by speaking to a live agent in two more calls received from the Defendant that they had reached the wrong number. Each occasion where Plaintiff stated Defendant had the wrong number was a negative response from the Plaintiff as defined in K.S.A.50-670(6).

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii)

30. Paragraphs 1 thru 29 are re-alleged as though fully set forth herein.

31. Defendant's aforementioned conduct violated 47 U.S.C. § 227 *et seq.*

    WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a. Adjudging that Defendant violated the TCPA 47 U.S.C. § 227 *et seq.*

    b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500.00 for the first call and $1500.00 for each call thereafter made to the Plaintiff's wireless phone as a knowing and/or willful violation;

    c. Awarding Plaintiff any costs incurred in this action;

    d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(c)(5)

32. Paragraphs 1 thru 29 are re-alleged as through fully set forth herein.

33. Defendant's conduct violated the TCPA 47 U.S.C. § 227(c).

34. Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant violated the TCPA 47 U.S.C. § 227(c).

    b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(c)(5) of $500.00 for the first call and $1500.00 for each call thereafter made to the Plaintiff's wireless phone as a knowing and/or willful violation of the restrictions on the use of telephone equipment relating to the National Do Not Call Registry;

    c. Awarding Plaintiff any costs incurred in this action.

    d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT
### K.S.A. 50-670 KANSAS NO CALL ACT

35. Paragraphs 1 thru 29 are re-alleged as through fully set forth herein.

36. That Defendant's aforementioned conduct violated K.S.A. 50-670.

37. Plaintiff prays for relief and judgment, as follows:

Adjudging that Defendant violated the K.S.A. 50-670g, and K.S.A. 50-670 (7)(b)(4)(6).

a. Awarding Plaintiff statutory damages pursuant to K.S.A. 50-634(b) and 50-636(a) of $10,000.00 for each call made to Plaintiff's wireless phone as an unconscionable act;

b. Awarding Plaintiff any costs incurred in this action;

c. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## TRIAL DESIGNATION

Plaintiff designates Wichita, Kansas, as the location for the trial in this action.

Respectfully Submitted,

*Leon Lee*

Leon E. Lee
1314 Dunsworth
Wichita, Kansas 67212
316-680-2833
llee71@att.net

## CERTIFICATE OF SERVICE

I certify that an original copy of the FIRST AMENDED COMPLAINT was mailed to the below named party on the date stated below.

Done this _16_ day of _Sept_, 2015

Joshua C. Dickinson by USPS certified mail # 7014 0510 0000 0680 4064

12925 W. Dodge Rd. Suite 107
Omaha, NE 68154

_____
Leon Lee