# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEON E. LEE, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | )   Case No. 6:14-cv-01084-MLB-KMH |
| | ) |
| LOANDEPOT.COM, LLC, | ) |
| | ) |
|         Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

COMES NOW loanDepot.com, LLC ("Defendant") and, for its answer to Plaintiff's Second Amended Complaint (Doc. #37, "Complaint"), admits, denies, and avers as follows:

### NATURE OF ACTION

This Paragraph speaks for itself and, therefore, no response is required. To the extent that a response is required, Defendant denies that it violated the TCPA or KCPA.

### JURISDICTION

1. Responding to paragraph 1, Defendant admits this Court has subject matter jurisdiction, but denies that it violated any statute or law.

### PARTIES

2. Responding to paragraph 2, upon information and belief, Defendant admits that Plaintiff is a natural person, but Defendant is without information sufficient to either admit or deny where Plaintiff resides, and therefore denies the same. In regard to Plaintiff's allegation in paragraph 2 that he is a consumer as defined by the KCPA, that allegation constitutes a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies that Plaintiff is a consumer as defined by the KCPA.

3. Defendant admits it is a mortgage loan company with a business address as stated in paragraph 3. Responding further, Defendant admits that a portion of its business is making telephone calls to originate mortgage loans.

## VENUE

4. Responding to paragraph 4, Defendant is without information sufficient to either admit or deny what occurrences "give rise" to Plaintiff's lawsuit and, therefore, denies the same. Responding further, upon information and belief, Defendant admits Plaintiff's county of residence. Further responding to paragraph 4, Defendant admits that venue is proper in this Court. Defendant denies any remaining allegations or inferences in paragraph 4.

## FACTUAL ALLEGATIONS

5. Defendant is without information sufficient to either admit or deny the allegations contained in the first sentence of paragraph 5, as it is vague, and therefore Defendant denies the same. Responding further, Defendant admits that the telephone number reflected in paragraph 5 (949-465-8454) is a number associated with Defendant. Defendant denies the remaining allegations in paragraph 5.

6. Responding to Paragraph 6, Defendant denies that it did not have express consent to call the number at issue.

7. Defendant denies the allegations in paragraph 7.

8. Responding to the first sentence of paragraph 8, Defendant admits that it did not place telephone calls for an emergency purpose, but Defendant is without information or knowledge sufficient to admit or deny whether Plaintiff has "no business relationship with the Defendant" and, therefore, denies the same. Responding to the second sentence of paragraph 8, Defendant denies that the calls were made "for the purpose of selling loan services to the Plaintiff," and denies all other allegations and inferences contained in paragraph 8.

9. Defendant is without information sufficient to either admit or deny the allegations in paragraph 9, and therefore denies the same.

10. Responding to paragraph 10, Defendant admits only that it called Plaintiff, but lacks information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 10 and, therefore denies the same.

11. Defendant is without information sufficient to either admit or deny the allegations in paragraph 11, and therefore denies the same.

12. Responding to paragraph 12, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and that the telephone number reflected in paragraph 12 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 12, and therefore denies the same.

13. Responding to paragraph 13, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and Defendant admits that the telephone number reflected in paragraph 13 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 13, and therefore denies the same.

14. Responding to paragraph 14, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and Defendant admits that the telephone number reflected in paragraph 14 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 14, and therefore denies the same.

15. Responding to paragraph 15, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and Defendant admits that the telephone number reflected in paragraph 14 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 15, and therefore denies the same.

OM 369779.1

16. Responding to paragraph 16, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and Defendant admits that the telephone number reflected in paragraph 16 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 16, and therefore denies the same.

17. Defendant is without information sufficient to either admit or deny the allegations in paragraph 17, and therefore denies the same.

18. Responding to paragraph 18, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and Defendant admits that the telephone number reflected in paragraph 18 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 18, and therefore denies the same.

19. Responding to paragraph 19, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and Defendant admits that the telephone number reflected in paragraph 19 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 19, and therefore denies the same.

20. Responding to paragraph 20, Defendant admits that it placed a call to 316-680-2833 on March 13, 2013 and Defendant admits that the telephone number reflected in paragraph 20 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 20, and therefore denies the same.

21. Responding to the first sentence of paragraph 21, Defendant is without information sufficient to either admit or deny the allegations contained therein, and therefore denies the same. Responding to the second sentence of paragraph 21, Defendant denies the allegations contained therein.

OM 369779.1

22. Responding to paragraph 22, Defendant admits that it placed a call to 316-680-2833 on March 14, 2013, and admits that the telephone number reflected in paragraph 22 is a number associated with Defendant; however, Defendant is without information sufficient to either admit or deny the remaining allegations in paragraph 22, and therefore denies the same.

23. Responding to paragraph 23, Defendant states that Exhibits 2 and 3 speak for themselves, and denies any violations under the TCPA or otherwise.

24. Responding to paragraph 24, Exhibits 4 and 5 to the Complaint speak for themselves and, thus, no response is required. To the extent that a response is required, Defendant expressly denies Plaintiff's summarization of the exhibits, denies that the calls were made using an ATDS, and denies any violations whatsoever.

25. Responding to paragraph 25, it contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies that it violated any laws and denies all allegations and inferences contained in paragraph 25.

26. Responding to paragraph 26, it contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies that it violated any laws and denies all allegations and inferences contained in paragraph 26.

27. Responding to paragraph 27, it contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that it violated any laws and denies all allegations and inferences contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

## COUNT I

## ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii)

30. Defendant incorporates by reference paragraphs 1 through 29 above.

31. Defendant denies the allegations in paragraph 31.

## COUNT II

## ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(c)(5)

32. Defendant incorporates by reference paragraphs 1 through 31 above.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

## COUNT III

## ALLEGED VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT K.S.A. 50-670 KANSAS NO CALL ACT

35. Defendant incorporates by reference paragraphs 1-34 above.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

## TRIAL BY JURY

Defendant acknowledges Plaintiff's right to a trial by jury on all issues so triable.

## TRIAL DESIGNATION

Defendant agrees that this case may be tried in Wichita, Kansas, the place where the lawsuit was filed.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a claim upon which relief may be granted.

OM 369779.1

2. Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel.

3. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

4. Defendant did not act in willful disregard of any requirements of any law.

5. To the extent it is determined that Defendant violated the TCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

6. Plaintiff's TCPA claims are barred under the doctrine of consent.

7. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

Dated this 16th day of October, 2015.

          Respectfully submitted,

          SPENCER FANE LLP

         By: s/ Joshua C. Dickinson
          Joshua C. Dickinson KS Bar No. 20632
          Bryant T. Lamer KS Bar No. 22722
          Angus W. Dwyer USDC KS No. 78522
          1000 Walnut, Suite 1400
          Kansas City, MO 64106
          Telephone: (816) 474-8100
          Facsimile: (816) 474-3216
          E-mail: jdickinson@spencerfane.com
             blamer@spencerfane.com
             adwyer@spencerfane.com
         ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 16th day of October, 2015, with notice of case activity generated and sent to Pro Se Plaintiff via first class mail, postage prepaid, addressed as follows:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

s/ Joshua C. Dickinson<br>Attorney for Defendant