IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEON E. LEE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 6:14-cv-01084-MLB-KMH |
| | ) |
| LOANDEPOT.COM, LLC, | ) |
| | ) |
|        Defendant. | ) |

### DEFENDANT'S MOTION TO DENY OR CONTINUE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d) AND SUPPORTING MEMORANDUM

Defendant loanDepot.com, LLC ("loanDepot"), pursuant to Fed. R. Civ. P. 56(d), files this Motion to Deny or Continue Plaintiff's Motion for Summary Judgment (Doc. 40) and Supporting Memorandum. loanDepot asks that the Court deny Plaintiff's Motion outright pursuant to Fed. R. Civ. P. 56(d)(1), as **no** discovery has yet been exchanged in this case and Defendant requires discovery to respond to Plaintiff's Motion. Alternatively, the Court should defer ruling on the Motion until discovery has been completed. Id.

**I.    FACTS**

Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Kansas Consumer Protection Act ("KCPA"), K.S.A. §§ 50-623, et. seq., based on *ten* telephone calls that loanDepot placed to him. That is the entirety of the conduct alleged in this case, and Mr. Lee does not allege that loanDepot said anything offensive on the calls.

Defendant is a mortgage company and obtains telephone numbers for individuals seeking mortgage information online, who input their contact information and request to be contacted. On March 13, 2013, loanDepot received a request to contact telephone number 316-680-2833 for

mortgage information.  loanDepot placed ten telephone calls to that telephone number and on the tenth call, a person purporting to be Plaintiff answered and advised that loanDepot had the wrong number.  Mr. Lee asserts that telephone number 316-680-2833 is his cellular telephone number, and that he did not request that loanDepot contact him.  Although Mr. Lee asserts that he told loanDepot on the third and fourth calls that loanDepot had the wrong number, loanDepot disputes this and intends to bring forward evidence that it was not until the tenth telephone call to Mr. Lee that the parties spoke and it was not until that call that Mr. Lee advised loanDepot that it had the wrong telephone number.  There is no dispute, however, that loanDepot did not contact Mr. Lee after that tenth call, which occurred on March 14, 2013.

On April 8, 2013, Mr. Lee corresponded with loanDepot and sent it a "Notice of Intent to Sue." (Doc. 40-9.)  Mr. Lee stated that his damages were $14,000 and advised loanDepot that he was willing to negotiate a settlement.  (Id.)  On April 18, 2013, loanDepot sent a correspondence to Plaintiff, advising him that it researched his allegations and found that it received a lead (request) on March 13, 2013 from a third party who provided the telephone number 316-680-2833, and advised that it appeared the third party had mistakenly entered Mr. Lee's telephone number.  (Doc. 40-6.)  loanDepot also advised that it did not believe that it violated any of the laws Mr. Lee cited and apologized for the inconvenience.  (Doc. 40-6.)

On February 26, 2014, Mr. Lee sent another correspondence to loanDepot advising of "the federal lawsuit" he intended to file "if we are unable to reach an amicable settlement . . . ." (Doc. 40-9.)  Thereafter, Plaintiff brought this case on March 19, 2014.  (Doc. 1.)  Plaintiff alleges, inter alia, that loanDepot contacted him on his wireless phone using "automatic telephone dialing system (ATDS) capable equipment in all cases," in violation of the TCPA. (Doc. 1 ¶ 8.)  loanDepot disputes that it utilized an ATDS, as defined in the TCPA.

On May 22, 2014, loanDepot filed a Motion to Stay this case based on the primary jurisdiction, inter alia. (Doc. 8.) The Motion was granted and this case, including discovery, was stayed from August 20, 2014 to August 25, 2015. (See Docs. 14, 27.) On August 20, 2015, Plaintiff moved to amend his complaint (Doc. 26) and then, after the stay was lifted, Plaintiff moved to amend his complaint again. (Doc. 32.) On September 29, 2015, the Court granted Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 34.)

Plaintiff's Second Amended Complaint contains three counts. (Doc. 39.) In Count I, he claims that the calls placed to him violated 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits, as pertinent here, calls placed using an "automated telephone dialing system," as defined in the TCPA, to any cellular telephone number. In Count II, he claims that the calls violated 47 U.S.C. § 227(c)(5), which provides a private right of action for persons who "have received more than one telephone call within any 12-month period . . . in violation **of the regulations prescribed under this section** . . . ." Id. (emphasis added). Mr. Lee has *not* identified the particular regulation(s) that he asserts loanDepot violated and, instead, generally states that it violated "the restrictions on the use of telephone equipment relating to the National Do Not Call Registry." (Doc. 37 ¶ 34.) Finally, in Count III, he alleges that the calls violated the KCPA, K.S.A. § 50-670. (Doc. 37, Count III.)

Discovery does not close in this case until February 19, 2016 (Doc. 28) and the dispositive motion deadline is not until March 18, 2016 (Doc. 28). No discovery has occurred in this case. (Declaration of Joshua C. Dickinson in Support of Defendant's Motion to Deny or Continue Plaintiff's Motion for Summary Judgment ("Dickinson Decl.") ¶ 3, attached hereto as "**Exhibit A**.") On November 2, 2015, Plaintiff filed a Motion for Summary Judgment (Doc. 40) on all of the Counts contained in his Second Amended Complaint.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)[1]), pertains to opposing summary judgment and provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," courts may do any of the following:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d)(1)-(3).  The general principle of this Rule is that summary judgment should be refused "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  Fulghum .v Embarq Corp., No. 07-2602, 2009 WL 2705879, *2 (D. Kan. Aug. 25, 2009).  Denial of the motion for summary judgment without prejudice with the right to reapply at a later date is the usual practice when granting a Rule 56(d) request.  See Harlan v. United Fire and Casualty Co., No. 14-2419. 2015 WL 4617399, *4 (D. Kan. July 31, 2015).

To obtain relief under Rule 56(d), a party must "identify with some degree of specificity the facts it believes additional discovery will uncover," and unless the request is dilatory or lacking in merit, the party's Rule 56(d) request "should be liberally treated."  Harlan, 2015 WL 4617399, *2.  A party seeking to defer a ruling on summary judgment under Rule 56(d) must provide an affidavit that identifies: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary

---

[1] "Until December 2010, the substance of Rule 56(d) was embodied in Rule 56(f)."  Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184, 1206 (10th Cir. 2015).

4

judgment."  Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks omitted).

**III.   ARGUMENT**

Plaintiff's Motion for Summary Judgment is premature and should be denied outright under Rule 56(d)(1).  In light of the previous stay, no discovery has been conducted in this case.  Also, Plaintiff only recently (on October 2, 2015), filed his Second Amended Complaint, and discovery does not close until February 19, 2016.  (Docs. 37, 28, respectively.)

As set forth in the attached Declaration of Joshua Dickinson, loanDepot intends to conduct the following discovery[2]:  interrogatories to Mr. Lee; request for production of documents to Mr. Lee; and, thereafter, subpoena Mr. Lee's cellular telephone carrier for records pertinent to 316-680-2833; and depose the third party (who purported to incorrectly enter Mr. Lee's telephone number) on written questions.  (Dickinson Decl. ¶¶ 5-7.)  loanDepot has conducted an independent investigation to attempt to uncover the facts it seeks from the above discovery, but requires the discovery to obtain evidence that would meet the standards set forth in Fed. R. Civ. P. 56(c).  (Dickinson Decl. ¶¶ 5-6.)

The probable facts that loanDepot seeks to find through the above-referenced discovery include, but are not limited to, the following:

1. Plaintiff contends that the cellular telephone number at issue was registered to him at the time of the calls at issue.  loanDepot has conducted research as to the ownership of the number at issue, which has revealed that the number may not have been registered to Mr. Lee (but rather to the third party).  (Dickinson Decl. ¶ 6.)  If the number was not registered to Mr. Lee, he has no standing to bring any of his claims.

---

[2] loanDepot anticipates serving this discovery to Mr. Lee on or before November 27, 2015.

2. loanDepot also intends to issue discovery pertinent to any relationship between Mr. Lee and the third party who purportedly inputted Mr. Lee's number to ensure that there was no collusion.  (Dickinson Decl. ¶¶ 5-6.)

3. loanDepot intends to conduct an inquiry as to Mr. Lee's claim that the number at issue was registered on the National Do Not Call List, and to ascertain specific dates of purported registry.  This issue is pertinent to Mr. Lee's allegation that loanDepot violated the TCPA, § 227(c)(5), by calling him when the number was registered on the National Do Not Call Registry.  (Doc. 37 ¶ 34.)

4. Also as pertinent to his Section 227(c)(5) claim, loanDepot intends to conduct an inquiry to ascertain the specific regulations that Mr. Lee asserts loanDepot violated.  Mr. Lee has failed to plead and has not referenced what "regulations prescribed under this subsection [Section 227(c)(5)]" loanDepot allegedly violated.  (Doc. 37 ¶ 34.)  Enunciation of what regulations Mr. Lee asserts loanDepot violated is also imperative because loanDepot may be entitled to affirmative defense(s), and, if so, loanDepot may be required to seek leave to amend its Answer (Doc. 39) to include the defense(s).  (Dickinson Decl. ¶ 9.)

5. Plaintiff contends that he advised loanDepot on the third and fourth calls that it had the wrong number.  loanDepot disputes this fact and loanDepot requires discovery to test the veracity of Mr. Lee's statements contained in his Affidavit (<u>see</u>, <u>e.g.</u>, Doc. 40-3 ¶ 4.)  (Dickinson Decl. ¶ 6.)

The above facts may allow loanDepot to controvert Mr. Lee's "Undisputed Statement of Facts" including, but not limited to, those numbered 4, 8, and 9.

## IV. CONCLUSION

For the reasons set forth above, and as identified in the attached Declaration of Joshua Dickinson, loanDepot respectfully requests that the Court deny Plaintiff's Motion for Summary

Judgment outright pursuant to Fed. R. Civ. P. 56(d)(1) to allow it to conduct the discovery denominated.[3]

>Respectfully submitted,
>
>SPENCER FANE LLP
>
>By: s/ Joshua C. Dickinson
>Joshua C. Dickinson   KS Bar No. 20632
>Bryant T. Lamer        KS Bar No. 22722
>1000 Walnut, Suite 1400
>Kansas City, MO 64106
>Telephone: (816) 474-8100
>Facsimile: (816) 474-3216
>E-mail: jdickinson@spencerfane.com
>           blamer@spencerfane.com
>
>ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas this 23rd day of November, 2015, with notice of case activity generated and sent to Pro Se Plaintiff via first class mail, postage prepaid, addressed as follows:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

>s/ Joshua C. Dickinson
>Attorney for Defendant

---

[3] loanDepot reserves its arguments in opposition to the merits of Plaintiff's Motion for Summary Judgment until such time as the discovery is completed or as set forth by the Court.

OM 374312.1