**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LEON E. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:14-cv-01084-MLB-KMH |
| ) | |
| LOANDEPOT.COM, LLC, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF JOSHUA C. DICKINSON IN SUPPORT OF DEFENDANT'S MOTION TO DENY OR CONTINUE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Joshua C. Dickinson, declare as follows:

1. I am a partner with the law firm of Spencer Fane LLP, counsel to Defendant loanDepot.com, LLC in the above-captioned case. I have personal knowledge of the matters referred to in this Declaration.

2. The discovery deadline in this case does not expire until February 19, 2016.

3. The parties have not engaged in any discovery (other than Rule 26 Initial Disclosures) in this case.

4. On November 2, 2015, Mr. Lee moved for summary judgment on all of his claims. loanDepot's opposition thereto is due on November 23, 2015. Facts precluding summary judgment are unavailable because Plaintiff (and/or third parties) is in possession of the information detailed below. My office is in the process of drafting the below discovery in an effort to obtain the facts.

5. loanDepot requires discovery to respond to, <u>inter</u> <u>alia</u>, Mr. Lee's allegations that the cellular telephone number at issue is registered to him; that the number was registered to him during the relevant time period; that the number at issue was registered on the National Do Not

EXHIBIT A

Call Registry during the relevant time period; and that loanDepot violated 47 U.S.C. § 227(c)(5) of the TCPA, as he has not specified which regulations loanDepot allegedly violated.  loanDepot also requires discovery relevant to any collusion between Mr. Lee and the purported third party who requested the mortgage information (my office's investigation reveals that Mr. Lee and the third party reside less than three miles apart).

6. At my direction, my office has conducted an investigation of the cellular telephone number at issue, 316-680-2833, and the results indicate that the number is not assigned to Mr. Lee, but rather the third party who purportedly requested mortgage information.  These results, however, are not conclusive and I, on behalf of my client, intend to issue the following discovery in an attempt to obtain facts pertinent to this, and the other issues (pertinent to, inter alia, Mr. Lee's alleged registration of the number on the National Do Not Call Registry, and the regulations that loanDepot allegedly violated) denominated below:

a. Interrogatories to Mr. Lee (seeking the name of Mr. Lee's cellular telephone provider; any relationship to the alleged third party who mistakenly entered Mr. Lee's telephone number; substance of the discussion of the third and fourth calls (wherein Mr. Lee asserts that he advised loanDepot that it had the wrong number); the regulations that loanDepot allegedly violated; inter alia);

b. Request for Production of Documents (seeking cellular telephone records, inter alia); and

c. Subpoena Duces Tecum to cellular telephone provider (after obtaining the name of Mr. Lee's cellular telephone provider, loanDepot intends to issue a subpoena to the telephone provider to obtain ownership information).

...

7. Based on the information obtained from the above discovery devices, loanDepot may, if necessary, depose, or transmit a deposition by written questions to, the third party.

8. My office intends to serve the Interrogatories and Requests for Production of Documents (which are presently in draft form and will be served once my office obtains client approval) to Mr. Lee on or before November 27, 2015.

9. As noted above, another issue that requires discovery pertains to Mr. Lee's claim under 47 U.S.C. § 227(c)(5). That claim pertains to a violation of "the regulations prescribed under this subsection," but Mr. Lee has not pled a violation of any specific regulations. (Doc. 37.) The above discovery will seek an explanation of the regulations that Mr. Lee claims loanDepot violated. There may be affirmative defenses to the regulations that Mr. Lee claims were violated and loanDepot may need to seek leave of Court to amend its Answer to include such defenses.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

EXECUTED THIS 23rd DAY OF NOVEMBER, 2015 IN OMAHA, NEBRASKA.

s/ Joshua C. Dickinson