# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LEON E. LEE,

    *Plaintiff,*

vs.

LOANDEPOT.COM, LLC,

    *Defendant.*

Case No. 14-CV-01084-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Leon Lee brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Kansas Consumer Protection Act ("KCPA"), K.S.A. §§ 50-623, et. seq, based on telephone calls that Defendant loanDepot.com, LLC, placed to him. On September 2, 2015, Lee filed a Motion for Summary Judgment based on all three of the claims asserted in his Second Amended Complaint. Three weeks later, loanDepot.com filed a Motion to Deny or Continue Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) (Doc. 41), which is currently before the Court.

Generally, there is no rule against a party filing an early summary judgment motion. Fed. R. of Civ. P. 56(b) states that "[a] party may file a summary judgment motion at any time until 30 days after the close of all discovery."[1] But under Rule 56(d), if a party shows by affidavit that

---

[1] Fed. R. Civ. P. 56(b).

it cannot present facts essential to justify its opposition, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[2] To obtain relief under Rule 56(d), a party must "identify with some degree of specificity the facts it believes additional discovery will uncover" and unless the request is dilatory or lacking in merit, the Rule 56(d) request "should be liberally treated."[3]

Here, loanDepot.com has provided an affidavit describing the discovery it plans to conduct and the facts it hopes to discover. It has also demonstrated how that discovery is relevant to Lee's motion for summary judgment. Lee does not object to loanDepot.com's motion, and in fact, specifically states in his response that he "has no objection to allowing the Defendant to engage in whatever discovery it chooses and then allow [Lee] to re-file his motion for summary judgment." Based on this, the Court may grant loanDepot.com's motion and deny Lee's summary judgment motion without prejudice. However, as of the date of this Order, Lee has filed an Amended Motion for Summary Judgment (Doc. 49), which renders his previous summary judgment motion and loanDepot.com's current motion moot. Therefore, the Court denies as moot loanDepot.com's Motion to Deny or Continue Plaintiff's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment.

---

[2] Fed. R. Civ. P. 56(d)(1)-(3).

[3] *Harlan v. United Fire & Cas. Co.*, 2015 WL 4617399, at *4 (D. Kan. July 31, 2015) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Deny or Continue Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) (Doc. 41) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 40) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 15th day of March, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE