IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEON LEE,

    *Plaintiff,*

vs.

LOANDEPOT.COM, LLC,

    *Defendant.*

Case No. 14-1084-EFM

**MEMORANDUM AND ORDER**

Plaintiff Leon Lee brought this action against Defendant loanDepot.com, LLC ("loanDepot"), alleging violations of the Telephone Consumer Protection Act ("TCPA"). Specifically, he alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits the use of automatic telephone dialing system ("ATDS") to call a cell phone without the called party's prior consent. Lee claimed that loanDepot employed the use of a predictive dialer—which he argues is an ATDS—to call his cell phone ten times without his consent. Lee acted pro se throughout the case.

The case was called for trial before a jury on February 7, 2017. At the close of Lee's evidence, loanDepot moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure on the grounds that Lee failed to present any evidence regarding its alleged use of an ATDS. The Court agreed, noted that it would grant loanDepot's motion, and dismissed

the jury. Counsel for loanDepot indicated that she would reduce her motion to writing and file the written motion forthwith. That written motion has been filed (Doc. 105), and provides the Court an opportunity to memorialize its holding.

## I. Evidence Presented at Trial

Lee and his wife both testified; Lee also read two depositions to the jury. Through this testimony, he presented evidence that he had received ten calls from loanDepot to his cell phone. He also testified that he had not consented to receive the calls. But neither the live testimony nor the depositions contained any evidence that loanDepot used an ATDS in making the calls. Before resting his case, Lee tried to admit an affidavit that loanDepot had attached to a motion filed almost two year prior to the trial. In the affidavit, a loanDepot employee described the company's dialing system as a "predictive dialer." When Lee moved to admit the affidavit, loanDepot objected, arguing that Lee had not laid proper foundation. The Court agreed and gave Lee an opportunity to lay foundation, which he was unable to do. After failing to admit the affidavit, Lee rested his case. At that point, loanDepot moved for judgment as a matter of law.

## II. Legal Standard

Rule 50 of the Federal Rules of Civil Procedure states:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Judgment as a matter of law is only appropriate if "construing the evidence and all inferences in the light most favorable to the nonmoving party, 'the court is certain the evidence conclusively favors [the moving] party such that' no reasonable jury could 'arrive at a contrary verdict.' "[1]

### III. Analysis

Lee only brought one claim to trial. He alleged a violation of 47 U.S.C. § 227(b)(1)(A)(iii). To prevail on such a claim, Lee had the burden of proving the following elements by a preponderance of the evidence: (1) loanDepot called Lee's cellular telephone; (2) using an ATDS; (3) without Lee's prior consent.[2] Because Lee was unable to lay foundation as to the admissibility of the loanDepot's affidavit, his case-in-chief presented no evidence regarding loanDepot's dialing system. Accordingly, Lee failed to present any evidence regarding the ATDS element of his claim. The Court found that no reasonable jury could find that loanDepot was liable under the TCPA, and granted loanDepot's motion for judgment as a matter of law.

Furthermore, the Court expressed doubts as to whether Lee would have survived loanDepot's motion even if he had laid proper foundation to admit loanDepot's earlier affidavit. The affidavit would suggest that loanDepot used a predictive dialer to call Lee. But it would not have elaborated on whether loanDepot's alleged predictive dialer could be properly characterized

---

[1] *Zisumbu v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1198 (10th Cir. 2015) (quoting *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996)).

[2] 47 U.S.C. § 227(b)(1); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

as an ATDS because it contained software that, when paired with certain software, had the capacity to store or produce numbers.[3]

Because Lee was unable to admit any evidence regarding loanDepot's use of an ATDS, the Court finds that no reasonable jury could have found loanDepot liable under 47 U.S.C. § 227(b)(1). Accordingly, loanDepot is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that loanDepot.com, LLC's Motion for Judgment as a Matter of Law (Doc. 105) is **GRANTED.**

**IT IS SO ORDERED**.

Dated this 14th day of February, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[3] The FCC has determined that a predictive dialers falls "within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of congress" if it contains hardware that, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers. *See In re: Rules & Regulations Implementing the TCPA*, 30 F.C.C.R. 7961, 7971-72 (2015); *In re: Rules & Regulations Implementing the TCPA*, 18 F.C.C.R. 14014, 14091 (2003); *see also Lee v. loanDepot.com, LLC*, 2016 WL 4382786, at *5-6 (D. Kan. Aug. 17, 2016).